# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HANNAH KILCHENMAN<br>200 Briarwood Drive SE<br>New Philadelphia, Ohio 44663 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| SMASH RESTRO AND BAR, LLC<br>209 S. Wooster Avenue<br>Dover, Ohio 44622 | )<br>)<br>)<br>) | **COMPLAINT FOR**<br>**REINSTATEMENT AND**<br>**DAMAGES** |
| **Serve Also:**<br>ACFB, INC.<br>Statutory Agent<br>200 Public Square, Suite 2300<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff Hannah Kilchenman, by and through her undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Kilchenman is a resident of the City of New Philadelphia, County of Tuscarawas, State of Ohio.

2. Defendant Smash Restro and Bar, LLC ("Smash Restro") is a domestic limited liability company organized under the laws of the State of Ohio with its principal place of business located in the City of Dover, County of Tuscarawas, State of Ohio.

3. Defendant Smash Restro, at all times listed herein, operated a business in Tuscarawas County located at 209 S. Wooster Avenue, Dover, Ohio 44622.

4. At all times material to this Complaint, Smash Restro was an "employer" within the meaning of 42 U.S.C. § 2000e(b) of the Civil Rights Act of 1964.

5. At all times material to this Complaint, Kilchenman was an "employee" within the meaning of 42 U.S.C. § 2000e(f) of the Civil Rights Act of 1964.

6. At all times material to this Complaint, Smash Restro was an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) of the Americans with Disabilities Act of 1990 ("ADA").

7. At all times material to this Complaint, Kilchenman was an "employee" within the meaning of 42 U.S.C. § 12111(4) of the ADA.

8. At all times material to this Complaint, Smash Restro was an "employer" within the meaning of Ohio Revised Code Section 4112.01 *et seq.*

9. At all times material to this Complaint, Kilchenman was an "employee" as defined by R.C. § 4112.01 *et seq.*

## JURISDICTION & VENUE

10. All material events alleged in this Complaint occurred in Tuscarawas County, Ohio.

11. This Court has subject matter jurisdiction over Defendant pursuant to 28 U.S.C. § 1331, as Kilchenman is alleging federal law claims arising under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and ADA, 42 U.S.C. § 12101 *et seq.*

12. This Court has supplemental jurisdiction over Kilchenman's state law claims pursuant to 28 U.S.C. § 1367, as Kilchenman's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. This Court has personal jurisdiction over Smash Restro pursuant to R.C. § 2307.382(A)(1), as Defendant has and continues to transact business in the State of Ohio.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices

alleged herein, occurred in Tuscarawas County, Ohio, which is encompassed by this federal judicial district.

15. Within 300 days of the conduct alleged below, Kilchenman filed a Charge of Discrimination with Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-01701, against Defendant.

16. The EEOC Charge No. 532-2021-01701 was dual filed with the Ohio Civil Rights Commission.

17. As of the filing of this complaint, the EEOC investigation is complete and a Notice of Right to Sue was issued on February 28, 2022, a copy of which is attached hereto as Plaintiff's Exhibit 1.

18. Kilchenman has filed this Complaint within 90 days of the issuance of her Notice of Right to Sue letter.

19. Kilchenman has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b) and R.C. § 4112.052.

## FACTS

20. Smash Restro operates a restaurant and bar in Dover, Ohio.

21. Kilchenman is a former employee of Smash Restro.

22. Kilchenman was hired as a server at Smash Restro in or around March 2021.

23. At the time Kilchenman was hired by Smash Restro, she was pregnant with her first child, who was due on or about August 13, 2021.

24. Kilchenman disclosed to her trainer that she was pregnant in or around April 2021.

25. Kilchenman disclosed to Jorge Vazquez, Smash Restro's owner, that she was pregnant in or around April 2021.

26. Kilchenman suffers from severe anxiety ("Anxiety").

27. Kilchenman's Anxiety affects her neurological body system.

28. Kilchenman's Anxiety is a psychological disability.

29. Kilchenman's Anxiety impacts one or more of her major life activities, including working.

30. Kilchenman has a record of her Anxiety.

31. Kilchenman informed her trainer of her Anxiety.

32. Despite her Anxiety, Kilchenman was able to perform the essential functions of her job.

33. As a result of suffering from her Anxiety, Kilchenman is and was considered disabled within the meaning of the ADA.

34. As a result of suffering from her Anxiety, Kilchenman is and was considered disabled within the meaning of R.C. 4112.02 *et. seq*.

35. Throughout Kilchenman's employment, she would regularly work an hour or more prior to Smash Restro opening.

36. Throughout Kilchenman's employment, she would regularly work an hour or more after Smash Restro closed.

37. Vazquez would frequently ask Kilchenman to come in early and/or stay late.

38. Kilchenman was compensated by Smash Restro in tipped wages.

39. During the pre-opening and post-closing hours Kilchenman was working, Smash Restro should have consistently paid Kilchenman at a non-tipped minimum wage.

40. Smash Restro failed to consistently pay Kilchenman at a non-tipped minimum wage during the pre-opening and post-closing hours she worked.

41. After disclosing her pregnancy and Anxiety to Smash Restro, Kilchenman's working conditions rapidly deteriorated.

4

42. After disclosing her pregnancy and Anxiety, Kilchenman was scheduled for less sections of the restaurant and less tables.

43. Kilchenman had more experience than other servers who were being scheduled for more sections and tables.

44. Upon information and belief, the servers scheduled for more sections and tables were not pregnant.

45. Upon information and belief, the servers scheduled for more sections and tables did not suffer from psychological disabilities.

46. After disclosing her pregnancy and Anxiety, Vazquez began confronting Kilchenman when she asked for days and/or time off to attend medical appointments.

47. Vazquez confronted Kilchenman knowing she was pregnant and suffered from Anxiety.

48. On May 8, 2021, Kilchenman was again scheduled for less restaurant sections and less sections.

49. When Kilchenman arrived for her shift on May 8, 2021, she was feeling ill.

50. Kilchenman felt lethargic and nauseous, and was experiencing severe stomach pains, on May 8, 2021.

51. Feeling ill, Kilchenman was fearful about her wellbeing and the wellbeing of her unborn child.

52. Feeling ill, Kilchenman was anxious about her wellbeing and the wellbeing of her unborn child.

53. One of Kilchenman's co-workers, recognizing that Kilchenman was ill, informed Vazquez.

54. Upon learning Kilchenman was ill, Vazquez angrily confronted Kilchenman.

55. Vazquez accused Kilchenman of making negative comments about Smash Restro and "telling everyone" that she "didn't want to be working."

56. Kilchenman had not made any negative comments about Smash Restro.

57. Kilchenman regularly worked her shifts to make what little tips she could, given the small sections and tables she was assigned.

58. After being accosted by Vazquez, Kilchenman suffered a panic attack.

59. After being accosted by Vazquez, Kilchenman had to seek out emergency medical treatment.

60. Kilchenman sought emergency medical treatment due to fear for her own wellbeing and the wellbeing of her unborn child.

61. Upon information and belief, Vazquez did not angrily confront non-pregnant Smash Restro servers.

62. Upon information and belief, Vazquez did not angrily confront non-disabled Smash Restro servers.

63. On May 9, 2021, the schedule for servers at Smash Restro for the coming week was released.

64. Kilchenman had been removed from the schedule and was not scheduled for any shifts.

65. On or about May 8, 2021, Kilchenman was terminated from her employment at Smash Restro.

66. Smash Restro provided no reason for the termination of Kilchenman's employment.

67. By terminating Kilchenman, Smash Restro treated Kilchenman less favorably than similarly situated employees.

68. Smash Restro did not terminate non-pregnant employees on May 8, 2021.

69. Smash Restro did not terminate non-disabled employees on May 8, 2021.

70. Smash Restro knowingly terminated Kilchenman.

71. Smash Restro knowingly took an adverse employment action against Kilchenman.

72. Smash Restro intentionally terminated Kilchenman.

73. Smash Restro intentionally took an adverse employment action against Kilchenman.

74. Smash Restro knew that terminating Kilchenman would cause Kilchenman harm, including economic harm.

75. Smash Restro willfully terminated Kilchenman.

76. Smash Restro willfully took an adverse employment action against Kilchenman.

77. There was a causal connection between Kilchenman's pregnancy and Smash Restro's termination of Kilchenman.

78. There was a causal connection between Kilchenman's disability and Smash Restro's termination of Kilchenman.

79. Upon information and belief, Smash Restro hired a non-pregnant individual to replace Kilchenman.

80. Upon information and belief, Smash Restro hired a non-disabled individual to replace Kilchenman.

81. As a result of Smash Restro's conduct, Kilchenman has suffered, and continues to suffer harm.

**COUNT I: PREGNANCY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.***

82. Kilchenman restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

83. Pursuant to 42 U.S.C. § 2000e *et seq.*, it is an unlawful discriminatory practice to discriminate in any manner against an individual because of the individual's sex.

84. 42 U.S.C. § 2000e(k) states that this includes "on the basis of pregnancy, childbirth, or related medical conditions."

85. During Kilchenman's employment at Smash Restro, she was pregnant.

86. Kilchenman informed Defendant of her pregnancy.

87. Defendant terminated Kilchenman less than one month after she informed Defendant of her pregnancy.

88. Defendant terminated Kilchenman due to her pregnancy.

89. Defendant terminated Kilchenman due to medical conditions related to her pregnancy.

90. Defendant treated Kilchenman less favorably than similarly-situated employees due to her pregnancy.

91. Defendant violated its own progressive disciplinary policy when it terminated Kilchenman's employment.

92. Upon information and belief, Defendant does not violate its own progressive disciplinary policy when terminating non-pregnant individuals.

93. Defendant violated its own progressive disciplinary policy when it terminated Kilchenman's employment because of her pregnancy.

94. As a direct and proximate cause of Defendant's conduct, Kilchenman suffered emotional distress, and is entitled to emotional distress damages.

95. As a direct and proximate cause of Defendant's conduct, Kilchenman suffered and will continue to suffer damages.

## COUNT II: PREGNANCY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

96. Kilchenman restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

97. Pursuant to R.C. § 4112.01 *et seq.*, it is an unlawful discriminatory practice to discriminate in any manner against an individual because of the individual's sex.

98. R.C. § 4112.01(B) states that this includes "on the basis of pregnancy . . . childbirth, or related medical conditions."

99. During Kilchenman's employment at Smash Restro, she was pregnant.

100. Kilchenman informed Defendant of her pregnancy.

101. Defendant terminated Kilchenman less than one month after she informed Defendant of her pregnancy.

102. Defendant terminated Kilchenman due to her pregnancy.

103. Defendant terminated Kilchenman due to medical conditions related to her pregnancy.

104. Defendant treated Kilchenman less favorably than similarly-situated employees due to her pregnancy.

105. Defendant violated its own progressive disciplinary policy when it terminated Kilchenman's employment.

106. Upon information and belief, Defendant does not violate its own progressive disciplinary policy when terminating non-pregnant individuals.

107. Defendant violated its own progressive disciplinary policy when it terminated Kilchenman's employment because of her pregnancy.

108. As a direct and proximate cause of Defendant's conduct, Kilchenman suffered emotional distress, and is entitled to emotional distress damages.

109. As a direct and proximate cause of Defendant's conduct, Kilchenman suffered and will continue to suffer damages.

**COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.***

110. Kilchenman restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

111. Smash Restro is a qualified employer under 42 U.S.C. § 12101 *et seq.*

112. Kilchenman suffers from Anxiety.

113. As a result of her Anxiety, Kilchenman was psychologically disabled within the meaning of the ADA.

114. Alternatively, Smash Restro perceived Kilchenman as being disabled because of her Anxiety.

115. Kilchenman's Anxiety constitutes an emotional and mental impairment.

116. Kilchenman's condition substantially impaired one or more of her major life activities, including working.

117. Alternatively, Smash Restro perceived Kilchenman's condition as limiting one or more of her major life activities, including working.

118. Smash Restro treated Kilchenman differently than other similarly situated employees based on her actual or perceived disabling condition.

119. Smash Restro discriminated against Kilchenman based on her actual or perceived disabling condition.

120. Smash Restro violated 42 U.S.C. § 12112(a) by discriminating against Kilchenman based on her actual or perceived disabling condition.

121. Kilchenman was terminated from her employment with Smash Restro on or about May 8, 2021.

122. Smash Restro violated 42 U.S.C. § 12112(a) by terminating Kilchenman based on her actual or perceived disability.

123. As a direct and proximate result of Smash Restro's conduct, Kilchenman has suffered and will continue to suffer damages.

## COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

124. Kilchenman restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

125. Smash Restro is a qualified employer under R.C. § 4112.01 *et seq.*

126. Kilchenman suffers from Anxiety.

127. As a result of her Anxiety, Kilchenman was psychologically disabled within the meaning of the ADA.

128. Alternatively, Smash Restro perceived Kilchenman as being disabled because of her Anxiety.

129. Kilchenman's Anxiety constitutes an emotional and mental impairment.

130. Kilchenman's condition substantially impaired one or more of her major life activities, including working.

131. Alternatively, Smash Restro perceived Kilchenman's condition as limiting one or more of her major life activities, including working.

132. Smash Restro treated Kilchenman differently than other similarly situated employees based on her actual or perceived disabling condition.

133. Smash Restro discriminated against Kilchenman based on her actual or perceived disabling condition.

134. Smash Restro violated R.C. § 4112.02(A) by discriminating against Kilchenman based on her actual or perceived disabling condition.

135. Kilchenman was terminated from her employment with Smash Restro on or about May 8, 2021.

136. Smash Restro violated R.C. § 4112.02(A) by terminating Kilchenman based on her actual or perceived disability.

137. As a direct and proximate result of Smash Restro's conduct, Kilchenman has suffered and will continue to suffer damages.

## COUNT V: MINIMUM WAGE VIOLATIONS, R.C. § 4111.01 *et seq.*

138. Kilchenman restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

139. Under Ohio's Minimum Fair Wage Standards Act, R.C. § 4111.02 *et seq.*, an employer is required to pay an employee a fixed minimum wage.

140. An employer violates R.C. § 4111.02 *et seq.* by, *inter alia*, requiring an employee to work "off the clock" at less than minimum wage.

141. Smash Restro routinely required Kilchenman to work before and after regular business hours.

142. Smash Restro failed to pay Kilchenman a non-tipped minimum wage for this time worked.

143. As a result, Kilchenman is entitled to the full amount of her non-tipped wages for her time worked.

## COUNT VII: WITHHELD WAGES, R.C. § 4113.15 *et seq.*

144. Kilchenman restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

145. Under R.C. § 4113.15(A), an employer is prohibited from withholding a former employee's owed wages, earned prior to the separation of employment.

146. Under § 4113.15(B), if a former employee's wages remain unpaid for 30 days beyond the regularly scheduled pay day, the former employee is entitled to the amount unpaid and liquidated damages in an amount equal to six percent of the total amount or $200.00, whichever is greater.

147. As stated above, Smash Restro has failed to pay Kilchenman all wages owed to her, including a non-tipped minimum wage for hours work prior to and after regular business hours.

148. As a result, Kilchenman is entitled to the full amount of her non-tipped wages, as well as liquidated damages.

## DEMAND FOR RELIEF

WHEREFORE, Kilchenman demands from Defendant the following:

(a) Issue an order requiring Smash Restro to restore Kilchenman to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Kilchenman for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorney's fees and non-taxable costs for Kilchenman's claims, as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Kevin A. Buryanek*
Daniel S. Dubow (0095530)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
daniel.dubow@spitzlawfirm.com
kevin.buryanek@spitzlawfirm.com

*Attorneys for Plaintiff Hannah Kilchenman*

## JURY DEMAND

Plaintiff Hannah Kilchenman hereby demands a trial by jury by the maximum number of jurors permitted.

*/s/ Kevin A. Buryanek*
Daniel S. Dubow (0095530)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S FIRM**

14