## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| HANNAH KILCHENMAN, | ) | CASE NO.: 5:22-cv-00896 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| SMASH RESTRO AND BAR, LLC, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Court on July 12, 2023 to determine Plaintiff Hannah Kilchenman's damages. Despite being successfully served, Defendant, Smash Restro and Bar, LLC, failed to appear. After reviewing Plaintiff's testimony, exhibits, and the record in this matter, for the reasons set forth below, the Court hereby enters judgment in Plaintiff's favor in the amount of $16,360.57.

## I.      STATEMENT OF FACTS

Plaintiff began her employment with Defendant as a server at the end of March 2021. As alleged in the Complaint, Plaintiff was wrongfully terminated on May 8, 2021. At the time of her termination, Plaintiff was over six months pregnant with her first child. Plaintiff was earning $4.40/hour in tipped wages and $8.80/hour in non-tipped wages. Plaintiff earned, on average, $478.83 each week while employed with Defendant. Plaintiff found new employment on July 1, 2023.

After her termination, Plaintiff became stressed about finding an equal paying job in her smalltown, all while nearing the end of her pregnancy. Plaintiff experienced a loss of motivation

and increased sadness. She began receiving mental health treatment at the hospital where she received prenatal care.

On May 27, 2022, Plaintiff filed a Complaint against Defendant alleging pregnancy discrimination in violation of federal and state law, disability discrimination in violation of federal and state law, minimum wage violations under R.C. § 4111.01, and withheld wages under R.C. 4113.15. On March 28, 2023, the Court granted Plaintiff's Motion for Default Judgment as Defendant had failed to appear and participate in the matter after its counsel withdrew on October 6, 2022.

## II.    LAW AND ANALYSIS

While a default judgment admits as to the party's liability, the allegations in the Complaint as to damages are not deemed as true and the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 Fed. App'x. 351, 355 (6th Cir. 2009). Plaintiff is seeking compensatory damages in the amount of $3,830.64 for lost wages from May 8, 2021, when she was wrongfully terminated, to July 1, 2021, when she found new employment. After reviewing Plaintiff's testimony and exhibits, the Court finds with reasonable certainty that Plaintiff is hereby entitled to $3,830.64 in compensatory damages.

Damages for emotional distress are recoverable in Title VII cases when an employer is found to have "engaged in unlawful intentional discrimination" as alleged in Plaintiff's Complaint. 42 U.S.C § 1981a(a)(1); 42 U.S.C. § 1981a(b)(3). A plaintiff must prove that her employer's unlawful conduct cased her emotional distress. *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996). "A plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." *Id*. Further, a plaintiff can prove emotional injury without medical support. *Id*. Plaintiff requests $7,661.28 in emotional distress

2

damages, two times her compensatory damages. Doc. 29. After reviewing Plaintiff's testimony and the facts of the case, the Court awards Plaintiff $7,661.28 in emotional distress damages.

"Punitive damages are available in a Title VII claim where the plaintiff can demonstrate by a preponderance of the evidence that the employer 'engaged in a discriminatory practice . . . with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Tisdale v. Federal Exp. Corp.*, 415 F.3d 516, 531 (6th Cir. 2005) (quoting 42 U.S.C. § 1981a(b)(1)). Plaintiff requests $7,661.28 in punitive damages, two times her compensatory damages. After reviewing Plaintiff's testimony and exhibits, the Court finds that Plaintiff has failed to meet this standard. As such, no punitive damages will be awarded in this matter.

Lastly, under Title VII, the Court has the discretion to award the prevailing party a "reasonable attorney's fee." 42 U.S.C. § 2000e-5(k). To determine a reasonable attorney's fee, courts use the "lodestar" amount – "the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff is seeking $4,466.65 in attorney's fees for 17:52 hours at $250.00/hour and $402.00 in costs for the filing fee. Doc. 29. Plaintiff's counsel has provided the Court with a billing report to support the request. Doc. 29-2. The Court finds that the requested fees are reasonable and awards Plaintiff $4,868.65 in attorney's fees and costs.

## III.    CONCLUSION

As stated above, Plaintiff is awarded $3,830.64 in economic damages, $7,661.28 in emotional distress damages, and $4,868.65 in attorney's fees and costs.

IT IS SO ORDERED.

Date: August 3, 2023                              */s/ John R. Adams*
                                                  _____
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE